(99 South. 494)

No. 26358.

## YOUNG et al. v. TOWN OF BOSSIER CITY.

(Feb. 18, 1924. Rehearing Denied by Division C March 17, 1924.)

*(Syllabus by Editorial Staff.)*

1. Municipal corporations ⊜864(3) — Ordinance authorizing waterworks and sewerage system held not invalid as exceeding constitutional limit of tax.

A city ordinance ordering a special election to authorize the construction of a waterworks and sewerage system *held* not invalid as violating Const. 1921, art. 14, § 12, as exceeding the 7-mill general tax, since section 14 (a) makes it the duty of municipalities to levy and collect annually taxes in excess of the general tax to pay the principal of bonds issued by virtue of special elections, and falling due each year, and the interest on such bonds accruing annually or semiannually; such section clearly falling within the proviso of section 12.

**2. Municipal corporations ⊚⟜911—Power to issue bonds for "works of public improvements" includes construction of water mains and supplying of water; "waterworks."**

Conceding that the word "waterworks" as used in Const. art. 14, § 14 (b), relating to the powers of municipalities to issue bonds, and that the "constructing and building of water mains and supplying water in the various streets and alleys" as authorized in an ordinance, are not within such section, still such construction is authorized as "works of public improvements."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Waterworks; Works of Improvement and Public Works.]

**3. Appeal and error ⊚⟜863—Where exception of no cause of action was sustained below, Supreme Court will consider only facts disclosed by pleadings.**

On an exception of no cause of action sustained by the lower court, the Supreme Court will only consider the state of facts disclosed by the pleadings.

Appeal from Second Judicial District Court, Parish of Bossier; Robert Roberts, Jr., Judge.

Action by W. T. Young and others against the Town of Bossier City. Judgment for defendant, and plaintiffs appeal. Affirmed.

Foster, Looney, Wilkinson & Smith and Edward Barnett, all of Shreveport, for appellants.

Murff, Mabry & Perkins, of Shreveport, for appellee.

By Division B, composed of Justices DAWSON, LAND, and LECHE.

LAND, J. The mayor and board of aldermen of the town of Bossier City passed an ordinance ordering a special election to be held on the 4th day of September, 1923, to determine the following propositions:

"First. Shall the town of Bossier City incur debt and issue bonds to the amount of fifty thousand dollars ($50,000), to run forty years from date thereof, with interest at the rate of 6 per cent. per annum, payable semiannually for the purpose of constructing and building water mains and supplying water in the various streets and alleys of said town.

"Second. Shall the town of Bossier City incur debt and issue bonds to the amount of seventy-five thousand dollars ($75,000) to run forty years from date thereof, with interest at the rate of 6 per cent. per annum, payable semiannually, for the purpose of building, constructing and equipping a sewerage system for said town."

The election was held and resulted in a majority vote in number and amount in favor of both of these propositions. The result of the election was duly promulgated.

The present suit is instituted by two resident taxpayers of the town of Bossier City, for the purpose of having the ordinance ordering said special election declared unconstitutional and void, and for the purpose of annulling said election and all proceedings had thereunder. Petitioners allege the following grounds of attack upon said ordinance, election, and proceedings: (1) That such ordinance and all proceedings, etc., are in violation of section 12 of article 14 of the Constitution of 1921; that is to say, that, the proposed tax or assessment included, the municipal taxes for all purposes whatsoever would be in excess of 7 mills on the dollar of assessed valuation of said town. (2) That such ordinance and all proceedings are in violation of section "13 (b)" of article 14 of the Constitution of 1921. (3) That the purposes for which such assessment and bonds' are sought to be issued are not such as are contemplated by section "13 (b)" of article 14 of the said Constitution.

The town of Bossier City filed an exception of no cause or right of action, which was sustained by the lower court, and plaintiffs' suit was dismissed. The case is before us on appeal from that judgment.

[1] The contention that the ordinance ordering the special election and the proceedings thereunder are in violation of section 12 of article 14 of the Constitution of 1921

is not well taken. The section in question declares that—

"Except as otherwise provided in this Constitution, no municipal tax, for all purposes whatsoever, shall exceed, in any one year, seven mills on the dollar of the assessed valuation," etc.

Section 14 (a) of article 14 of said Constitution provides that—

"Municipal corporations" and certain other subdivisions of the state "may incur debt and issue negotiable bonds, when authorized by vote of a majority, in number and amount, of the property taxpayers qualified to vote under the Constitution and laws of this state, who vote at an election held for that purpose, * * * and the governing authorities of such subdivisions shall impose and collect annually, in excess of all other taxes, a tax sufficient to pay the interest annually or semiannually and the principal falling due each year, or such amount as may be required for any sinking fund necessary to retire said bonds at maturity."

This section, in express terms, not only permits municipalities, but makes it their mandatory duty, to levy and collect annually taxes in excess of the general alimony tax of 7 mills for the purpose of paying the principal, of bonds issued by virtue of special elections, and falling due each year, and the interest on such bonds accruing annually or semiannually.

The section in question, therefore, clearly falls under the exception provided in section 12 of article 14 of the Constitution of 1921, "except as otherwise provided in this Constitution."

In the second ground of attack upon the ordinance of said town and the proceedings thereunder, it is declared that section "13 (b)" of article 14 of the Constitution of 1921 has been contravened.

Obviously, the article of the Constitution intended to be cited is section 14 (b) of article 14, which provides that—

"Except as otherwise herein expressly provided, no bonds shall be issued * * * by any municipal corporation for any purpose other than * * * purchasing or constructing waterworks, sewers, drains, lighting and power plants, artificial ice and refrigerating plants, * * * and works of public improvement, * * * title to which shall be in the public," etc.

Counsel for plaintiffs contend that "the purpose of constructing and building water mains and supplying water," submitted in proposition No. 1 to the taxpayers of the town of Bossier City at this special election, does not constitute "constructing waterworks," as contemplated by the constitutional provision, as the term "waterworks" as used in that instrument means complete waterworks, or a system of waterworks, including standpipe, reservoir, pumping plant, filtration plant, mains and sewers, etc.

[2] Conceding that the word "waterworks" means a system of "waterworks," as contended by able counsel for plaintiffs, and conceding that "the constructing and building of water mains and supplying water in the various streets and alleys" of the town of Bossier City does not come within the contemplation of section 14 (b) of article 14 of the Constitution of 1921 as to "waterworks," yet said article provides for the issuance of bonds for "works of public improvements," a term broad enough in its meaning to include "the constructing and building of water mains and supplying water" for public purposes.

We find nothing contrary to the views herein expressed in the case of Young et al. v. Bossier City (La.) reported in 98 South. 45.[1]

A special election was held in that case on April 17, 1917, "for the purpose of erecting, operating, maintaining, repairing, or replacing a system of waterworks, piping, tanks, wells, engines and all things necessary or appurtenant thereto."

No attack was made upon the ordinance ordering the election in that case as not embraced within the purpose of article 281 of the Constitution of 1913, under which the bonds were voted, but plaintiff sued out a writ of injunction to prohibit the governing

_____
[1] 154 La. 625.

authorities of the town of Bossier City from using the bonds voted at the special election held on April 17, 1917, for a purpose different from that stated in the ordinance calling the election.

A special election was held in the present case on September 4, 1923, and the main ground of attack is based upon the proposition that the purpose for which the bonds were voted was not contemplated by section 14 (b) of article 14 of the Constitution of 1921.

[3] As the present case is before us on an exception of no cause of action, sustained by the lower court, we have submitted to our consideration only the state of facts disclosed by the pleadings, and no other.

The questions to be decided by this court in the present case are questions purely of law predicated upon such facts as appear upon the face of the petition.

The judgment appealed from is therefore affirmed at the cost of appellants.

Rehearing refused by Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.